IT IS ORDERED

Date Entered on Docket: May 25, 2018

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re:  Case No 18-10608

Michael A. Reta  Chapter 13

    Debtor(s)

**DEFAULT ORDER GRANTING MOTION FOR RELIEF FROM STAY AND TO ABANDON PROPERTY LOCATED AT 7031 TOMBSTONE RD NW, ALBUQUERQUE, NM 87114**

This matter came before the Court on the Motion for Relief from Automatic Stay and to Abandon Property filed on April 18, 2018, Docket No. 21 (the "Motion") by Pingora Loan Servicing, LLC ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

1. On April 18, 2018, Movant served the Motion and a notice of the Motion (the "Notice") on the case trustee, Yvette J. Gonzales ("Trustee"), and on Debtor('s/s') counsel, Leslie D. Maxwell, by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

2. The Motion relates to the property located at 7031 Tombstone Rd NW, Albuquerque, NM 87114 (the "Property") with a legal description:

> Lot numbered Ten-P1 (10-P1) of plat of Tierra Vista Unit 1 at the Trails (being a replat of Tract 9-A, The Trails Unit2) within the Town of Alameda Grant, in projected Section 16, Township 11 North, Range 2 East, New Mexico Principal Meridian, City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on the plat of said addition filed in the office of the County Clerk of Bernalillo County, New Mexico, on December 19, 2012, in Plat Book 2012C, Page 144.

3. The Notice specified an objection deadline of twenty-one (21) days from the date of service of the Notice, to which 3 days was added under Bankruptcy Rule 9006(f);

4. The Notice was sufficient in form and content;

5. The objection deadline expired on May 14, 2018;

6. As of April 15, 2018 neither Debtor(s) nor Trustee, nor any other party in interest, filed an objection to the Motion;

7. The Motion is well taken and should be granted as provided herein; and

8. By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on May 15, 2018, Patricia Rychards of Weinstein & Riley, P.S. searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that DMDC does not possess any information indicating that Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

   a. To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by

applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

      b.      To exercise any other right or remedy available to them under law or equity with respect to the Property.

2.      Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name Trustee as a defendant in any state court action it may pursue to foreclose liens against the Property and need not notify Trustee of any sale of the Property.

3.      The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of Debtor(s), although Debtor(s) can be named as a defendant\defendants in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4.      This Order does not waive Movant's claim against the estate for any deficiency owed by Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim for this bankruptcy case within 30 days after a foreclosure sale of the Property should it claim that Debtor(s) owe(s) any amount after the sale of the Property.

5.      This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6.      This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with Debtor(s) and to enter into a loan modification with Debtor(s).

XXX END OF ORDER XXX

Submitted by:

/s/ Jason Bousliman
Jason Bousliman
Weinstein & Riley, P.S.
5801 Osuna Road NE, Suite A103
Albuquerque, NM 87109
Phone: (505)348-3200
Email: JasonB@w-legal.com

Copies to:

Michael A. Reta
130 Pearl Street #1002
Denver, CO 80203

Sarah Hart Reta
7031 Tombstone Rd NW
Albuquerque, NM 87114

Yvette J. Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

Leslie D. Maxwell
Maxwell Law, P.C.
9400 Holly Ave. NE
Bldg. 4
Albuquerque, NM 87122

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608